## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**CHOLLA PETROLEUM, INC.**                                                              **PLAINTIFF**

**Vs.**     **Case No. 2:2016-cv-02051**

**ROSS EXPLORATIONS, INC. and**                                         **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS
### AGAINST DEFENDANT  PURSUANT TO FRCP 12(b)(6)

For the reasons set forth herein, Plaintiff's claims against Tim R. Smith ("Defendant Smith"), individually should be dismissed with prejudice for failure to state a claims upon which relief may be granted as provided in Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

The Complaint filed by Plaintiff against Defendant Smith, individually, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as it fails to state facts upon which relief can be granted.  Specifically, Defendant Smith is asserted to be, and admits that he is, an officer, director, and shareholder of Ross Explorations, Inc., a corporation organized and existing pursuant to the laws of the State of Arkansas. See Plaintiff's Complaint, para. 13.  Arkansas law clearly holds that individual members are not personally liable for claims resulting from their actions taken on behalf of a corporate entity such as Ross Explorations, Inc.  As such, Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Furthermore, Plaintiff fails to state facts that support more than a "mere possibility of misconduct" on the part of Defendant Smith.  Plaintiff's Complaint is devoid of a factual basis for the tortious conduct it alleges.  Therefore Defendant Smith should be dismissed as a defendant in the current proceedings as

none of facts plead in the Complaint are sufficient to support a cause of action against Defendant.

## STANDARD FOR DISMISSAL

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v.City of St. Charles, 244 F.3d 623, 627 (8th Cir.2001). In reviewing a motion to dismiss, the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). However, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 566 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed 868 (2009) citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct", the complaint must be dismissed. Cole v. Homier Distributing Co., Inc., 599

F.3d 856, 861 (8th Cir. 2010).  Because this is a diversity case, the forum state's law (Arkansas) is to be used in determining whether the Complaint's factual allegations raise more than a mere possibility that the elements of the alleged offenses have been met.   Moses.Com Sec. v. Comprehensive Software, 406 F.3d 1052, 1062 (8th Cir., 2005).

## LAW AND ARGUMENT

A. **Plaintiff's Complaint should be dismissed as to Defendant Smith because he cannot be held to be individually liable for Ross Explorations' alleged debt arising from its breach of contract with Plaintiff.**

Plaintiff's allegations against Defendant Smith hinge on the application of the "alter ego" doctrine. It is a nearly universal rule that a corporation and its stockholders are separate and distinct entities, even though a stockholder may own the majority of the stock.  Rhodes v. Veith, 80 Ark. App. 362, 96 S.W.3d 734, 737 (2003).  Arkansas courts have stated that the doctrine of piercing the corporate veil is founded in equity and is applied when the facts warrant its application to prevent injustice.  Epps v. Stewart Information Services, 327 F.3d 642, 649 (8th Cir. 2003) (citing Humphries v. Bray, 271 Ark. 962, 611 S.W.2d 791 (1981).  Piercing the corporate veil should be applied with great caution. Epps, 327 F.3d at 649. It is only when the privilege of transacting business in corporate form has been illegally abused to the injury of a third person that the corporate entities should be disregarded. Id.

At all times relevant to the Complaint filed herein by Plaintiff, Defendant Smith was acting in his capacity as an officer, director, or shareholder of Ross Explorations, Inc.   All actions taken by Defendant Smith in furtherance of the contract between Plaintiff and Ross Explorations, Inc., was solely for the latter's benefit rather than his own.  Plaintiff has not pled any facts to support the conclusion that he acted for his own benefit. Defendant Smith, therefore, cannot be held personally liable for the debts, obligations or liabilities of Ross Explorations, Inc.

and is therefore not a proper party to this lawsuit. For that reason, it is appropriate to dismiss Defendant Smith.

**B. Plaintiff's Complaint should be dismissed as to Defendant Smith because it fails to allege facts upon which relief for conversion may be granted.**

Plaintiff's Complaint should be dismissed as to Defendant Smith pursuant Fed. R. Civ. P. 12(b)(6) for failure to state facts upon which relief can be granted, as there are absolutely no allegations contained within Plaintiff's Complaint sufficient to maintain a cause of action for conversion against Defendant Smith individually. The Complaint does not enumerate one fact concerning Defendant Smith's actions as they relate to the alleged conversion of funds from Plaintiff. As explained in Moses, supra, a plaintiff is required to allege facts that have the potential to satisfy each of the elements necessary to establish the tort claim. 406 F.3d at 1063. The alleged factual allegations must be enough to "raise a right to relief above the speculative level." Conley., 550 U.S. at 555. Alleging facts that support the "mere possibility of misconduct" is insufficient to sustain a cause of action. Cole, 599 F.3d at 861.

In Arkansas, the tort of conversion is defined as "[t]he exercise of dominion over property in violation of the rights of the owner or the person entitled to possession." Grayson v. Bank of Little Rock, 334 Ark. 180, 188, 971 S.W.2d 788, 792 (1998). Here, Plaintiff alleges that "upon information and belief" Defendant Smith was solely responsible for causing Ross Explorations, Inc. to convert Plaintiff's funds to Ross's use and benefit. See Plaintiff's Complaint, para. 13. Plaintiff fails to allege any facts to support a claim for conversion against Defendant Smith individually. Plaintiff relies on conclusory statements that are insufficient to "raise a right to relief above the speculative level." Conley., 550 U.S. at 555. For instance, Plaintiff alleges that "Smith benefitted directly, in his individual capacity, from [his] wrongful

conduct," but fails to state what that wrongful conduct might be, when it occurred, or how Defendant Smith supposedly benefited personally.  <u>See</u> Plaintiff's Complaint, para. 13.

Therefore, Plaintiff has failed to state a conversion claim against Defendant Smith upon which  relief can be granted.  Defendant Smith should, therefore, be dismissed with prejudice as a party to the present case.

**C. Plaintiff's Complaint should be dismissed as to Defendant Smith because it fails to allege facts upon which relief for civil conspiracy may be granted.**

Plaintiff's Complaint should be dismissed as to Defendant Smith pursuant Fed. R. Civ. P. 12(b)(6) for failure to state facts upon which relief for civil conspiracy can be granted.  Civil conspiracy is an intentional tort requiring a specific intent to accomplish the contemplated wrong.  <u>Dodson, M.D. v Allstate Insurance Co.</u>, 345 Ark. 430, 445, 47 S.W.3d 866 (2001).  A corporate entity cannot conspire with itself, therefore, a civil conspiracy is not legally possible where a corporation and its alleged coconspirators are not separate entities, but, rather, stand in a principal-agent relationship with the corporation.  <u>Id</u>.  In order to sustain a claim for a civil conspiracy where agents of a corporation are involved, it is necessary to show that one or more of the agents acted outside of the scope of their employment, to render them a separate "person" for the purposes of the conspiracy.  <u>Id</u>. Corporate agents may not be held liable for civil conspiracy in the absence of evidence showing that they were acting for their own personal benefit rather than for the benefit of the corporation.  <u>Id</u>.

Plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 550 U.S. at 570.  Plaintiff makes the unsupported conclusion that Defendant "Smith benefitted directly, in his individual capacity, from [his] wrongful conduct," but fails to state any fact that would give insight into any wrongful conduct, when it occurred, or how Defendant Smith supposedly benefited personally.  <u>See</u> Plaintiff's Complaint, para. 13.  Where

the factual allegations support only the "mere possibility of misconduct," the complaint must be dismissed.  Cole, 599 F.3d at 861.

Here, Plaintiff's complaint is devoid of facts upon which relief for civil conspiracy may be granted.  The conclusory statement that suggests that he benefitted from the corporation's alleged actions is not sufficient to state a plausible claim. See generally, Faulkner v. Arkansas Children's Hospital, 347 Ark. 941, 962, 69 S.W.3d 393 (2002) (discussing similarly deficient allegations of civil conspiracy under Arkansas pleading standard). With no facts to support the claim of civil conspiracy, Defendant Smith should be dismissed with prejudice as a party to the present case.

## CONCLUSION

No facts have been plead by Plaintiff in its Complaint that would give rise to any personal liability of Defendant Smith to Plaintiff.  Accordingly, Defendant, Tim R. Smith, prays that the Court enter an Order granting his Motion to Dismiss and dismissing him from the present case pending before the Court.

Respectfully submitted,

TIM R. SMITH

DAILY & WOODS, P.L.L.C.
P.O. Box 1446
Fort Smith, AR 72902-1446
(479) 782-0361

By:  /s/ C. Michael Daily
        C. Michael Daily
        Arkansas Bar No. 2005223
        mdaily@dailywoods.com

        Michael A. LaFreniere
        Arkansas Bar No. 2013186
        mlafreniere@dailywoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2016, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF System which will send notification of such filing to the following:

Robert M. Honea
honea@hardinlaw.com

  /s/   C. Michael Daily
C. Michael Daily
